UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ARTURO ALEMAN, JR.,** § | | |
| **TDCJ No. 02156335,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. SA-21-CA-0911-FB | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Arturo Aleman, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 12), and petitioner's Reply thereto (ECF No. 14). Petitioner challenges the constitutionality of the revocation of his community supervision in June 2017, arguing: (1) the revocation violated his due process and equal protection rights, (2) his attorney was ineffective, (3) the prosecution committed misconduct, and (4) actual innocence. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

**I.  Background**

In January 2011, petitioner plead guilty to driving while intoxicated (DWI) and was placed on community supervision for a period of ten years. *State v. Aleman, Jr.*, No. CR2008-

349 (207th Dist. Ct., Comal Cnty., Tex. Jan. 10, 2011); (ECF No. 13-20 at 70-71). No appeal was taken at that time, as petitioner waived his right to appeal as part of the plea bargain agreement. (ECF No. 13-20 at 61-66).

Thereafter, the state filed a motion to proceed with an adjudication of guilt after petitioner failed to comply with several conditions of his community supervision.[1] (*Id*. at 72-73). Petitioner pleaded true to the alleged violations, and on June 20, 2017, the trial court found petitioner guilty of the underlying DWI offense (habitual), revoked his community supervision, and sentenced him to ten years of imprisonment. (*Id*. at 78-79).

Although petitioner retained the right to appeal the revocation, he did not file a notice of appeal until October 3, 2019. Because the request was filed over two years too late, the court of appeals dismissed the appeal for want of jurisdiction. *Aleman, Jr. v. State*, No. 03-19-00698-CR, 2019 WL 5152214 (Tex. App.—Austin, Oct. 15, 2019, no pet.). Petitioner did not appeal this dismissal to the Texas Court of Criminal Appeals. Instead, petitioner waited until May 3, 2021, to file a state habeas corpus application challenging the revocation of his community supervision. *Ex parte Aleman, Jr.*, No. 22,503-02 (Tex. Crim. App.); (ECF No. 13-19 at 4). The Texas Court of Criminal Appeals eventually denied the application without written order on August 18, 2021. (ECF No. 13-3). Petitioner then placed the instant federal habeas petition in the prison mail system on September 16, 2021. (ECF No. 1 at 15).

## II. Timeliness Analysis

Respondent contends the allegations raised in petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

---

[1] Specifically, petitioner failed to comply with the following conditions: (1) commit no offense against state or federal law, (2) pay court costs, (3) pay the fine, restitution, and attorney's fees, (4) pay a monthly supervision fee, (5) perform 300 hours of community service, and (6) complete a DWI intervention program.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final July 20, 2017, when the time for appealing the judgment and sentence revoking his community supervision expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[2] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging the revocation of his community supervision expired a year later on July 20, 2018. Because petitioner did not file the instant § 2254 petition until September 16, 2021—over three years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.**     **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

---

[2] Although petitioner attempted to file an appeal of the adjudication over two years later, this appeal did not constitute a "direct review" under § 2244(d)(1)(A) because it was dismissed as untimely. *See Foreman v. Dretke*, 383 F.3d 366, 440 (5th Cir. 2004) (finding that a timely-filed state appeal constitutes "direct review" under § 2244(d)(1)(A) even though the appeal is later dismissed for want of jurisdiction).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the revocation of his community supervision by filing an application for state post-conviction relief in May 2021. But as discussed previously, petitioner's limitations period for filing a federal petition expired in July 2018. Because petitioner's state habeas application was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in September 2021, is still over three years late.

**B.**     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. In his petition and again in his reply, petitioner seems to argue that the factual and legal basis for the allegations raised in his petition were not reasonably

available to him at an earlier date because he is a layman and was unaware of the constitutional violations until he spent four years researching the record and relevant law. But even with the benefit of liberal construction, petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

      Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in petitioner's federal petition concern the revocation of his community supervision in June 2017, yet petitioner did not submit his state habeas corpus application challenging this revocation until May 2021, almost four years after his conviction had already become final under Texas law. This delay weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

      In short, petitioner fails to establish that his claims could not have been discovered and presented much earlier. Because petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

C. **Actual Innocence**

Finally, petitioner argues that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner seems to argue that he did not violate the first condition of his community supervision—specifically, failing to register as a sex offender as required under Texas law—and that the record demonstrates that he paid the requisite court costs, fines, and fees as required by the other conditions. However, petitioner's conclusory allegations do not constitute "new reliable evidence" establishing his innocence of the underlying crime. Nor do they necessarily establish that petitioner was innocent of violating the terms of his community supervision, particularly when he pleaded "true" to all of the revocation allegations contained in the State's motion to revoke. (ECF No. 13-20 at 78-79). Even assuming the veracity of petitioner's argument, he still has not demonstrated his innocence

of the remaining two violations—namely, his failure to perform 300 hours of community service or complete a DWI intervention program.

In short, petitioner's arguments are conclusory and do not establish his innocence. Further, the arguments were already rejected by the state court during petitioner's second state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[3]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of

---

[3]   To the extent petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner missed the filing deadline by over three years and provided no reasonable justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and petitioner Arturo Aleman, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 21st day of March, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE